WILLIAM F. JONES v. SAMUEL HOAG AND IDA HOAG.

October Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 8, 1917.

*Interstate Ferries—Construction of Legislative Grant—Powers
of State Legislature.*

A legislative grant of the right to maintain and operate a ferry across
 Lake Champlain from Rouses Point, New York, to Alburg, Vermont,
 is not a grant of a ferry franchise from the Vermont shore.
A state may grant a franchise for a ferry from its own shore across
 a boundary river or lake, and such franchise is good and valid
 within the limits of the territory of the state granting it; but a
 state has no power to grant a ferry franchise from the shore of
 the state on the other side of such boundary river or lake to its
 own shore.

APPEAL IN CHANCERY. Heard on demurrer to the bill of
complaint in vacation after the August Term, 1915, Grand Isle
County, *Stanton*, Chancellor. Demurrer overruled, *pro forma*,
and bill adjudged sufficient. Defendants appealed. The opinion
states the case.

*F. L. Webster* and *E. A. Ayers* for plaintiff.

*V. A. Bullard* and *C. P. Cowles* for defendants.

WATSON, C. J. The bill is filed in this case to enjoin the de-
fendants from disturbing the plaintiff in the enjoyment of the
ferry rights claimed by him as set forth in the bill, for damages,
and for general relief. The alleged ferry rights are based upon
an enactment of the General Assembly of this State, approved
March 30, 1915, and to take effect from its passage, whereby the
plaintiff was granted (Acts of 1915, No. 258, Sec. 1), "The ex-
clusive right and privilege of maintaining and operating a ferry

across Lake Champlain from Rouses Point in the State of New York, to Windmill Point in Alburg (in the State of Vermont), and to all points north from said Windmill Point to the Canadian line and south from said Windmill Point for a distance of three-fourths of a mile, as the convenience of the public may require, for the term of ten years, to be computed from the first day of April, 1915.''

This act is made a part of the bill and is before us as such. No ferry rights are alleged or claimed by the plaintiff, other than under this grant, to have been violated. Want of equity was one of the alleged grounds of the demurrer to the bill. The demurrer was overruled *pro forma,* and the benefit of the demurrer was reserved to the defendants until the final hearing.

It is contended by the defendants (1) that the provisions of the act of 1915, do not constitute a grant of a ferry franchise from the Vermont shore; and (2) that the General Assembly of this State has not the power to grant such a franchise from the shore of the State of New York. With each of these contentions we quite agree. As to the first, the language of the act in the respect named is so plain and unambiguous that nothing is left open to construction. Clearly it is not the grant of a franchise from the Vermont shore. As to the second, the law is well settled that a state may grant a franchise for a ferry from its own shore across a boundary river or lake, and that such franchise is good and valid within the limits of the territory of the state granting it; but the law is equally well settled that a state has no power to grant a ferry franchise from the shore of the state on the other side of such boundary river or lake. In *Conway* v. *Taylor,* 1 Black, 603, 17 L. ed. 191, the appellees had a Kentucky franchise for a ferry from the Kentucky shore across the Ohio River from the city of Newport in that state, to the city of Cincinnati in the State of Ohio. The appellants commenced running a ferry boat from Cincinnati to Newport and from Newport to Cincinnati. A preliminary injunction was granted, restraining them from operating a ferry boat between the two cities. The circuit court held that the entire right to ferry to and from the Kentucky shore was in the appellees alone, and perpetually enjoined the appellants from conducting a ferry from or to the opposite side of the Ohio River. This judgment was reversed by the State Court of Appeals, the decree and injunction there being for the same party, but only so far as the

acts complained of were in violation of the appellees' ferry rights granted by Kentucky from the shore of that State. This was affirmed by the Supreme Court of the United States, the holding of that court being, among other things, " 'A ferry is in respect of the landing place, and not of the water. The water may be to one, and the ferry to another.' 13 Vin. Abr., 208, A." And again, "The franchise is confined to the transit from the shore of the state. The same rights which she claims for herself she concedes to others."

What the court there said in these respects is quoted with approval by Chief Justice White in *St. Clair County* v. *Interstate S. & C. T. Co.*, 192 U. S. 454, 48 L. ed. 518, 24 Sup. Ct. 300, and by Mr. Justice Hughes in the recent case of *Port Richmond & B. P. F. Co.* v. *Board of Chosen Freeholders*, 234 U. S. 317, 58 L. ed. 1330, 34 Sup. Ct. 821, where the question of state regulation of rates of ferriage over a boundary stream between two states, was involved and determined. *Burlington, etc. Ferry Co.* v. *Davis*, 48 Iowa 133, 30 Am. Rep. 390; *State* v. *Faure*, 54 W. Va. 122, 46 S. E. 269, 63 L. R. A. 877, 102 Am. St. Rep. 927, 1 Ann. Cas. 104; *Newport* v. *Taylor*, 16 B. Mon. (Ky.) 699; 11 R. C. L. 918.

It follows that the franchises under which the plaintiff claims to hold the ferry rights alleged by him to have been violated by the defendants, are without force, they being beyond the power of the General Assembly of this State to grant. This being so, the allegations show no ferry rights in the plaintiff that have been disturbed by the defendants, and the bill is without equity.

*Decree reversed and cause remanded with directions that the demurrer be sustained, the bill adjudged insufficient and dismissed with costs to the defendants.*